UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
FAYETTEVILLE DIVISION

In re:

**Mario Sentrell Monroe**,

Soc. Sec. No. xxx-xx-5864
Mailing Address: 224 Yellowfoot Drive, Raeford, NC 28376-

Debtor.

Case No.:21-02808-5-PWM

Chapter 13

**NOTICE OF RESCHEDULED CONFIRMATION HEARING**

Please take notice that the confirmation hearing in this case has been re-scheduled to the following date, time and place:

Date:   **May 17, 2022**
Time:   **10:30 a.m.**
Place:  **Unted States Courthouse, 3rd Floor, 301 Green Street, Fayetteville, NC  28302**

Attached please find a copy of the proposed Chapter 13 Plan (as amended).

Please take further notice that objections, if any, you may have to the amended plan must be filed at least seven (7) days before this re-scheduled confirmation hearing date.

Date: 4/25/22

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA (NC EXEMPTIONS)
**Fayetteville** DIVISION

Fill in this information to identify your case:

| | | |
|---|---|---|
| Debtor 1 | **Mario Sentrell Monroe** | |
| | First Name   Middle Name   Last Name | |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | |
| Case number: (If known) | 21-02808-5 | |

☑ Check if this is an amended plan, and list below the sections of the plan that have been changed.
2.1, 2.3, 3.3, 3.4, & 4.2

# AMENDED CHAPTER 13 PLAN

## Part 1: Notices

**Definitions:** Definitions of several terms used in this Plan appear online at https://www.nceb.uscourts.gov/local forms under the heading "Chapter 13 Plan Definitions." These definitions also are published in the Administrative Guide to Practice and Procedure for the United States Bankruptcy Court for the Eastern District of North Carolina.

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on this form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with Local Rules and judicial rulings may not be confirmable.

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated if the plan is confirmed.** You should read this plan carefully and discuss it with your attorney if you have an attorney in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the United States Bankruptcy Court for the Eastern District of North Carolina ("Court"). **The Court may confirm this plan without further notice if no objection to confirmation is filed.** In addition, you may need to file a timely proof of claim in order to be paid under any confirmed plan.

Only allowed claims will receive a distribution from the Trustee, and all payments made to creditors by the Trustee shall be made in accordance with the Trustee's customary distribution process. When required, pre confirmation adequate protection payments shall be paid in accordance with Local Rule 3070 1(c). Unless otherwise ordered by the Court, creditors not entitled to adequate protection payment will receive no disbursements from the Trustee until after the plan is confirmed.

The following matters may be of particular importance to you. *Debtors must check one box on each line of §§ 1.1, 1.2, and 1.3, below, to state whether or not the plan includes provisions related to each item listed. If an item is checked "Not Included," or if neither box is checked, or if both boxes are checked, the provision will not be effective, even if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.3, which may result in a secured claim being treated as only partially secured or wholly unsecured. This could result in the secured creditor receiving only partial payment, or no payment | ☑ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.5. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |

## Part 2: Plan Payments and Length of Plan

**2.1** The Debtor(s) shall make regular payments to the Trustee as follows:
  $ **614.00** per **Month** for **3** months then
  $ **666.00** per **Month** for **2** months then
  $ **661.00** per **Month** for **31** months

*(Insert additional line(s), if needed.)*

Debtor **Mario Sentrell Monroe** Case number _____

**2.2 Additional payments.** (*Check one.*)
- ☑ **None.** (*If "None" is checked, the rest of this section need not be completed.*)
- ☐ **The Debtor(s) will make additional payment(s) to the Trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.** (*Insert additional rows, if needed.*)

**2.3 The total amount of estimated payments to the Trustee is $ 23,665.00 .**

**2.4 Adjustments to the Payment Schedule/Base Plan** (*Check one*).
- ☐ None.
- ☑ **Confirmation of this plan shall not prevent an adjustment to the plan payment schedule or plan base.** The Trustee or the Debtor(s) may seek to modify the plan payment schedule and/or plan base within 60 days after the governmental bar date to accommodate secured or priority claims treated in Parts 3 or 4 of this Plan. This provision shall not preclude the Debtor or the Trustee from opposing modification after confirmation on any other basis.

**2.5 Applicable Commitment Period, Projected Disposable Income, and "Liquidation Test."**
The Applicable Commitment Period of the Debtor(s) is **36** months, and the projected disposable income of the Debtor(s), as referenced in 11 U.S.C. § 1325(b)(1)(B), is $ **0.00** per month. The chapter 7 "liquidation value" of the estate of the Debtor(s), as referenced in 11 U.S.C. § 1325(a)(4), refers to the amount that is estimates to be paid to holders of non priority unsecured claims. In this case, this amount is $ **0.00** 

**Part 3: Treatment of Secured Claims**

**3.1 Lien Retention.**
The holder of each allowed secured claim provided for below will retain the lien on the property interest of the Debtor(s) or the estate until the earlier of:
   (a) payment of the underlying debt determined under nonbankruptcy law, or
   (b) discharge of the Debtor(s) under 11 U.S.C. § 1328.

**3.2 Maintenance of Payments and Cure of Default (if any)** (*Check one.*)
- ☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
- ☑ The current contractual installment payments will be maintained on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the Trustee ("Conduit") or directly by the Debtor(s), as specified below. Any arrearage listed for a claim below will be paid in full through disbursements by the Trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the Court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) will control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a timely filed proof of claim, the amounts stated below are controlling as to the current installment payment and arrearage. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the Court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be paid by the plan.

| Creditor Name | Collateral | Current Installment Payment (including escrow) | Arrears Owed (if any) | Interest Rate on Arrearage (if appliable) |
|---|---|---|---|---|
| **Dovenmuehle Mortgage, Inc.** | **224 Yellowfoot Drive Raeford, NC 28376  Hoke County FMV = $220,000.00 - 6%** | $986.23 To be disbursed by: ☐ Trustee ☑ Debtor(s) | $5,719.52 | 0.00% |
| **Hoke County Tax Collector\*\*** | **224 Yellowfoot Drive Raeford, NC 28376  Hoke County FMV = $220,000.00 - 6%** | Escrowed $0.00 To be disbursed by: ☐ Trustee ☑ Debtor(s) | $0.00 | 0.00% |

*Insert additional claims as needed.*

☐ **Other.** (*Check all that apply, and explain.*) The Debtor(s):
   **(a)** ☐ do intend to seek a mortgage modification with respect to the following loan(s) listed above: _____

   **(b)** ☑ do not intend to seek mortgage modification with respect to the following loan(s) listed above;

   **(c)** ☐ intend to: _____

Debtor  **Mario Sentrell Monroe**                                Case number

**3.3  Request for Valuation of Security and Modification of Undersecured Claims.** *(Check one)*

☐ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**The remainder of this paragraph will be effective only if there is a check in the box "Included" in Part 1, § 1.1, of this plan, above.**

**Requests for Valuation of Collateral and Modification of Undersecured Claims for Real Estate may not be accomplished in this district in the absence of the filing and proper service of a motion and notice of motion specifically seeking such relief and giving the affected creditor the opportunity to object to the motion and request a hearing. Note that a separate motion must be brought if the collateral is real estate, but not if the collateral is personal property.**

☑ The Debtor(s) request that the Court determine the value of the collateral securing each of the claims listed below. For each non governmental secured claim listed below, the Debtor(s) propose to treat each claim as secured in the amount set out in the column headed *"Amount of Secured Claim."* For secured claims of governmental units, unless otherwise ordered by the Court, the value of the collateral listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary valuation amount listed below. For each listed claim, the amount of the secured claim will be amortized and paid with interest at the stated rate over the life of the plan. The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's entire claim will be treated as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the Court, the amount of the creditor's total claim listed on its proof of claim controls over any contrary amount listed in this paragraph. Secured creditors entitled to pre-confirmation adequate protection payments will receive the same pursuant to E.D.N.C. LBR 3070-1(c).

| Creditor Name | Estimated Amount of Creditor's Total Claim | Collateral | Value of Collateral | Amount of Claims Senior to Creditor's Claim | Amount of Secured Claim | Interest Rate |
|---|---|---|---|---|---|---|
| **Carolina Title Loans, Inc.** | $1,300.00 | 2003 Chevrolet Trailblazer 189,678 miles Geico Insurance - Policy #0863 VIN #: 1GNDT13S432169045 FMV (For Exemption Purposes = $1,020.00) FMV (For Plan 3.3 Purposes = $50.00) | $50.00 | $0.00 | $50.00 | 7.25% |
| **Military Star** | $4,235.00 | Electronics: Military Star (Purchased 12/2/2020, Payoff = $1,285.42) | $645.00 | $0.00 | $645.00 | 7.25% |
| **Flagship Credit Acceptance** | $14,757.52 | 2010 Dodge Charger 113,256 miles Geico Insurance - Policy #0863 VIN # 2B3CA5CT7AH184722 FMV = Clean Trade - 20% | $6,675.00 | $0.00 | $6,675.00 | 7.25% |

*Insert additional claims as needed.*

**3.4  Claims Excluded from 11 U.S.C. § 506(a).** *(check one)*

☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

Debtor    **Mario Sentrell Monroe**    Case number _____

**3.5 Avoidance of Judicial Liens or Nonpossessory, Nonpurchase-Money Security Interests.**
*(Check one)*

☑ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

**3.6 Surrender of Collateral.** *(Check one.)*

☐ **None.** *If "None" is checked, the rest of § 3.6 need not be completed or reproduced.*

☑ The Debtor(s) will surrender the collateral listed below that secures the creditor's claim. Upon confirmation of the plan, the automatic stay of 11 U.S.C. § 362(a) shall terminate as to the surrendered collateral and any co debtor stay of 11 U.S.C. § 1301 shall terminate in all respects. No claim for a deficiency remaining due after the disposition of surrendered collateral will be allowed or paid unless the creditor timely files a proof of claim and, within 180 days after confirmation of the plan, amends the claim as necessary to show the remaining unsecured deficiency after the disposition of the surrendered collateral. Absent such timely filing and amendment of a claim, or an order by the Court extending the 180 day filing deadline, the surrender of the collateral shall be deemed in full satisfaction of the Debtor's contractual obligation to the creditor.

| Creditor Name | Collateral |
|---|---|
| **Navy Federal Credit Union*** | Share Account/Right to Set Off: Navy Federal Credit Union *Debtor to Surrender* |
| **Pentagon Federal Credit Union** | Share Account/Right to Set Off: Pentagon Federal Credit Union *Debtor to Surrender* |
| **SEEDFI/CRB** | Secured Savings Account: Seed Fi *Debtor to Surrender* |
| **SF/Lead Bank** | Secured Credit Card: Self Financial *Debtor to Surrender* |
| **SF/Lead Bank** | Certificate of Deposit: Self Financial *Debtor to Surrender* |

*Insert lines for additional creditors and collateral, as needed.*

**Part 4:    Treatment of Fees and Priority Claims**

**4.1 General Treatment:** Unless otherwise indicated in this Part or in **Part 8, Nonstandard Plan Provisions,** the Trustee's fees and all allowed priority claims, will be paid in full without interest through Trustee disbursements under the plan.

**4.2 Trustee's Fees:** Trustee's fees are governed by statute and orders entered by the Court and may change during the course of the case. The Trustee's fees are estimated to be **6.50** % of amounts disbursed by the Trustee under the plan and are estimated to total $ **1,538.22** .

**4.3 Debtor's Attorney's Fees.** *(Check one, below, as appropriate.)*

☑ Debtor(s)' attorney has agreed to accept as a base fee $ **6,813.00** , of which $ **0.00** was paid prior to filing. The Debtor(s)' attorney requests that the balance of $ **6,813.00** be paid through the plan.

☐ The Debtor(s)' attorney intends to apply or has applied to the Court for compensation for services on a "time and expense" basis, as provided in Local Rule 2016-1(a)(7). The attorney estimates that the total amount of compensation that will be sought is $_____, of which $_____ was paid prior to filing. The Debtor(s)' attorney requests that the estimated balance of $_____ be paid through the plan.

**4.4 Domestic Support Obligations ("DSO's").** *(Check all that apply.)*

☑ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

**4.5 Priority Claims Other than Attorney's Fees and Those Treated in Section 4.4**

☐ **None**. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

☑ Section 507(a) priority claims, other than attorney's fees and domestic support obligations are estimated to be as follows:

| Creditor Name | Claim for: | Est. Claim Amt. |
|---|---|---|
| **NC Department of Revenue *** | **Taxes and certain other debts** | $766.69 |

**Part 5:    Unsecured Non priority Claims**

**5.1 General Treatment.** After confirmation of a plan, holders of allowed, non priority unsecured claims that are not specially classified in § 5.2 below, will receive a pro rata distribution with other holders of allowed, non priority unsecured claims from the higher of either the disposable income of the Debtor(s) over the applicable commitment period or liquidation test (see paragraph 2.5). Payments will commence after payment to the holders of allowed secured, arrearage, unsecured priority, administrative, specially classified unsecured claims, and the Trustee's fees.

Debtor **Mario Sentrell Monroe** Case number

Except as may be required by the "disposable income" or "liquidation" tests, or as may otherwise be specifically set forth in this Plan, no specific distribution to general unsecured creditors is guaranteed under this Plan, and the distribution to such creditors may change depending on the valuation of secured claims (including arrears) and/or the amounts which will be paid to holders of priority unsecured claims under this Plan, both of which may differ from the treatment set forth in Parts 3 and 4 of this Plan based on claims filed by secured and priority creditors, or based on further orders of the Court.

**5.2 Co Debtor and Other Specially Classified Unsecured Claims.** *(Check one.)*
☑ **None.** *If "None" is checked, the rest of Part 5 need not be completed or reproduced.*

### Part 6: Executory Contracts and Unexpired Leases

**6.1 The executory contracts and unexpired leases listed below are to be treated as specified. All other executory contracts and unexpired leases are rejected. Allowed claims arising from the rejection of executory contracts or unexpired leases shall be treated as unsecured non-priority claims under Part 5 of this Plan, unless otherwise ordered by the Court.** *(Check one.)*

☐ **None.** *If "None" is checked, the rest of Part 6 need not be completed or reproduced.*
**[OR]**
☑ The executory contracts and unexpired leases listed below will be assumed ("A") or rejected ("R"), as specified below.

If assumed, post-petition installment payments on the claims listed below will be paid directly by the Debtor(s) according to the terms of the underlying contract. Any pre-petition arrears listed on an assumed executory contract/unexpired lease will be cured by payments disbursed by the trustee over the "Term of Cure" indicated, with interest (if any) at the rate stated.

| Lessor/Creditor Name | Subject of Lease/Contract | A or R | Pre-petition Arrears to be Cured *(if any)* | Interest Rate On Arrears | Term of Cure *(# of mos.)* | Current Mo. Pmt. | Contract or Lease Ends *(mm/yyyy)* |
|---|---|---|---|---|---|---|---|
| Katapult Group, Inc. | Description: Rent to Own (Bunk Beds) Terms: $226.00 per month Beginning Date: 9/2021 Debtor's Intention: Retain | A | $0.00 | 0.00% | 0 | $226.00 | / / |

*Insert additional leases or contracts, as needed.*

### Part 7: Miscellaneous Provisions

**7.1 Vesting of Property of the Bankruptcy Estate:** *(Check one.)*
Property of the estate will vest in the Debtor(s) upon:
☐ plan confirmation.
☑ discharge
☐ other: _____

**7.2 Possession and Use of Property of the Bankruptcy Estate:** Except as otherwise provided or ordered by the Court, regardless of when property of the estate vests in the Debtor(s), property not surrendered or delivered to the Trustee (such as payments made to the Trustee under the Plan) shall remain in the possession and control of the Debtor(s), and the Trustee shall have no liability arising out of, from, or related to such property or its retention or use by the Debtor(s). The use of property by the Debtor(s) remains subject to the requirements of 11 U.S.C. Â§ 363, all other provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules.

**7.3 Rights of the Debtor(s) and Trustee to Object to Claims:** Confirmation of the plan shall not prejudice the right of the Debtor(s) or Trustee to object to any claim.

**7.4 Rights of the Debtor(s) and Trustee to Avoid Liens and Recover Transfers:** Confirmation of the plan shall not prejudice any rights the Trustee or Debtor(s) may have to bring actions to avoid liens, or to avoid and recover transfers, under applicable law.

### Part 8: Nonstandard Plan Provisions

**8.1 Check "None" or List Nonstandard Plan Provisions.**

☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Debtor    **Mario Sentrell Monroe**                                    Case number

*The remainder of this Part 8 will be effective only if there is a check in the box "Included" in Part 1, § 1.3, of this plan, above.*

Under Bankruptcy Rule 3015(c), nonstandard plan provisions <u>must</u> be set forth below. A nonstandard provision is a provision not otherwise included in this E.D.N.C. Local Form or deviating from it. *Nonstandard provisions set out elsewhere in this plan are <u>ineffective</u>.* **The following are the nonstandard provisions of this plan:**

**Pre-petition arrearage:** Unless otherwise ordered by the Court, the amount of pre-petition arrearage set forth on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) shall control over any contrary amount listed in section 3.2 of this plan.

**Claim Objection Pending:** Confirmation of the plan shall be without prejudice to the right of the Trustee and/or Debtor(s) to object to any claims. Any claims for which an objection is pending may not receive distributions from the Trustee until resolution of such objection. If the resolution of such objection alters the liquidation analysis, the necessary term of the plan, or the amount necessary for the monthly plan to be feasible, the Debtor(s), the Trustee, or the holder of an allowed unsecured claim shall not be precluded from seeking a modification of the plan pursuant to 11 U.S.C. §1329, as if such resolution of the claim objection had been obtained prior to confirmation.

**Irregular Income:** For purposes of 11 U.S.C. §1329, regular changes in the income of the Debtor(s), receipt of commissions, tax refunds and/or bonuses, or commencement of new employment shall not be considered anticipated. This is, however, without admission of whether or not such amounts or changes are substantial or otherwise reasonably necessary for the Debtor(s).

**Consent Order Language:** If any allowed claims that are filed after confirmation alters the amount necessary for the monthly plan to be feasible, modification of the plan to increase the Chapter 13 plan payments to accommodate payment of such claim, can be accomplished by Consent Order as long as no creditors are adversely affected.

**Cram-Down 2nd Liens:** If a creditor provided for as secured in Section 3.3 files an unsecured claim, the claim shall be treated as an unsecured claim and the lien shall be deemed satisfied and extinguished upon discharge pursuant to Fed. R. Bank. P. 5009(d).

**Non-Purchase Money Security Interests:** Valid Non-Purchase Money Security Interests in household goods and/or tools of trade not specifically provided for in Section 3.3, but for which a secured claim is filed will be valued at $300.00 each payable to the Till interest rate as if set forth and included in Section 3.3.

**Claims Filed As Unsecured:** Any claim filed as unsecured shall be treated as such regardless of contrary treatment or classification in the plan. Such shall be without prejudice to the Debtor(s) subsequently objecting to the treatment of such claim as unsecured.

Valid Non-Purchase Money Security Interests in household goods and/or tools of trade will be valued at at $300 each as if set forth and included in Section 3.3.   All references to payment amounts in this document represent average estimated payments, subject to the filing of a valid Proof of Claim, possible objections thereto, and the Chapter 13 Trustee's customary distribution process.

Insert lines, as needed.

*No additional plan provisions may follow this line or precede Part 9: Signature(s), which follows.*

## Part 9:    Signatures

**9.1    Signatures of Debtor(s) and Debtor(s)' Attorney**

**If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional.  The attorney for Debtor(s), if any, must sign below.**

X    **/s/ Mario Sentrell Monroe**                                     X
     **Mario Sentrell Monroe**                                                Signature of Debtor 2
     Signature of Debtor 1

     Executed on    **December 17, 2021**                              Executed on

| Debtor | **Mario Sentrell Monroe** | Case number | |
|---|---|---|---|

By signing and filing this document, the Debtor(s) certify that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in E.D.N.C. Local Form 113, other than any nonstandard provisions included in Part 8.

| X | **/s/ Matthew Schmidt for LOJTO** | Date | **December 17, 2021** |
|---|---|---|---|
| | **Matthew Schmidt for LOJTO 51842** | | MM/DD/YYYY |
| | Signature of Attorney for Debtor(s) | | |

If this document is also signed and filed by an Attorney for Debtor(s), the Attorney also certifies, that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in E.D.N.C. Local Form 113, other than any nonstandard provisions included in Part 8.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
FAYETTEVILLE DIVISION

In re:

**Mario Sentrell Monroe**,

Soc. Sec. No. xxx-xx-5864
Mailing Address: 224 Yellowfoot Drive, Raeford, NC 28376-

Debtor.

Case No.:21-02808-5-PWM

Chapter 13

CERTIFICATE REGARDING SERVICE OF AMENDED PLAN
AND NOTICE OF RESCHEDULED CONFIRMATION HEARING

I, Charlene Ennemoser, certify, under penalty of perjury, that on 4/25/22, I served a copy of the **Chapter 13 Plan** (as amended) and a copy of the **Notice Of Rescheduled Confirmation Hearing**, upon the following:

By **automatic electronic noticing** to:

Joseph A. Bledsoe, III
Chapter 13 Trustee
Post Office Box 1618
New Bern, NC 28563-

By regular, **first class United States mail**, postage fully pre-paid, upon the following parties:

All creditors set forth on the <u>attached mailing matrix</u>.

Dated: 4/25/22

/s Charlene Ennemoser

Charlene Ennemoser

| | | |
|---|---|---|
| Employment Security Commission<br>Attn: Benefit Payment Control<br>Post Office Box 26504<br>Raleigh, NC 27611-6504 | NC Child Support<br>Centralized Collections<br>Post Office Box 900006<br>Raleigh, NC 27675-9006 | Equifax Information Systems LLC<br>P.O. Box 740241<br>Atlanta, GA 30374-0241 |
| Experian<br>P.O. Box 2002<br>Allen, TX 75013-2002 | Trans Union Corporation<br>P.O. Box 2000<br>Crum Lynne, PA 19022-2000 | Internal Revenue Service (ED)**<br>Post Office Box 7346<br>Philadelphia, PA 19101-7346 |
| US Attorney's Office (ED)**<br>150 Fayetteville Street<br>Suite 2100<br>Raleigh, NC 27601-1461 | North Carolina Dept. of Revenue**<br>Post Office Box 1168<br>Raleigh, NC 27602-1168 | U.S. Attorney General<br>U.S. Department of Justice<br>950 Pennsylvania Ave. NW<br>Washington, DC 20530-0001 |
| American InfoSource LP as agent for<br>Verizon<br>Post Office Box 248838<br>Oklahoma City, OK 73124-8838 | AT&T Mobility *******<br>c/o Bankruptcy<br>1801 Valley View Lane<br>Dallas, TX 75234 | Big Picture Loan<br>P.O. Box 704<br>Watersmeet, MI 49969 |
| Brock & Scott PLLC **<br>5431 Oleander Drive<br>Suite 200<br>Wilmington, NC 28403-5835 | Brock & Scott, PLLC **<br>1315 Westbrook Plaza Drive<br>Winston Salem, NC 27103 | Capital One (Checking Accounts)<br>Post Office Box 4139<br>Houston, TX 77210 |
| Capital One **<br>Post Office Box 30285<br>Salt Lake City, UT 84130-0285 | CarFinance Capital<br>Attn: Officer<br>7525 Irvine Center Drive Suite 250<br>Irvine, CA 92618 | CarFinance Capital (DMV)<br>Post Office Box 278401<br>Sacramento, CA 95827-8401 |
| Carolina Title Loans, Inc.<br>401 Highway 301 North<br>Dillon, SC 29536 | Credit One Bank, N.A. ****<br>Post Office Box 98873<br>Las Vegas, NV 89193-8873 | Department of Education/Navient **<br>Post Office Box 9635<br>Wilkes Barre, PA 18773-9635 |
| Dovenmuehle Mortgage, Inc.<br>Mail Stop 1290<br>1 Corporate Drive, Suite 360<br>Lake Zurich, IL 60047-8945 | Fingerhut Advantage/Webbank<br>6250 Ridgewood Road<br>Saint Cloud, MN 56303 | Fingerhut Credit Account Service***<br>c/o Web Bank<br>Post Office Box 1250<br>Saint Cloud, MN 56395-1250 |
| First Premier<br>3820 N Louise Ave<br>Tape Only<br>Sioux Falls, SD 57107 | First Premier Bank****<br>Post Office Box 5524<br>Sioux Falls, SD 57117-5524 | Flagship Credit Acceptance***<br>Attn: Managing Agent<br>Post Office Box 1419<br>Chadds Ford, PA 19317 |
| FNBM<br>P.O Box 98873<br>Las Vegas, NV 89193 | Global Client Solutions LLC<br>4343 S 118th E Ave<br>Suite 220<br>Tulsa, OK 74146 | GM Financial **<br>Attn: Managing Agent<br>Post Office Box 183593<br>Arlington, TX 76096-3593 |

| | | |
|---|---|---|
| Hoke County Tax Collector**<br>Post Office Box 217<br>Raeford, NC 28376-0217 | Hunter Warfield **<br>4620 Woodland Corporate Boulevard<br>Tampa, FL 33614-2415 | Insurance Co. Of the South<br>1904 Leland Dr SE<br>Marietta, GA 30067 |
| Katapult Group, Inc.<br>Post Office Box 20019<br>4 East 27th St<br>New York, NY 10001 | Kikoff Lending, LLC<br>75 Broadway Suite 226<br>San Francisco, CA 94111 | LVNV Funding<br>55 Beattie Place<br>Suite 110<br>Greenville, SC 29601 |
| Merrick Bank ***<br>Post Office Box 9201<br>Old Bethpage, NY 11804-9201 | Military Star<br>3911 S. Walton Walker Boulevard<br>Dallas, TX 75265-0410 | Mission Lane LLC<br>Post Office Box 105286<br>Atlanta, GA 30348 |
| Mission Lane Tab Ban<br>101 2nd Street Ste 350<br>San Francisco, CA 94105 | MoneyLion of North Carolina, LLC<br>Attn: Officer<br>Post Office Box 1547<br>Sandy, UT 84091 | Moneylion, Inc.<br>30 W 21st St.<br>Floor 9<br>New York, NY 10010 |
| Navient**<br>Dept. of Education Loan Svcs.<br>Post Office Box 9635<br>Wilkes Barre, PA 18773-9635 | Navy Federal Credit Union***<br>Attn: Managing Agent/Bankruptcy<br>Post Office Box 3501<br>Merrifield, VA 22119-3501 | NC Department of Revenue **<br>Attn: Bankruptcy Unit<br>Post Office Box 1168<br>Raleigh, NC 27602-1168 |
| North State Acceptance<br>Attn: Managing Agent<br>Post Office Box 35417<br>Fayetteville, NC 28303 | OneMain Financial **<br>Bankruptcy Dept.<br>P.O Box 6042<br>Sioux Falls, SD 57117-6042 | Opensky<br>One Church Street<br>Rockville, MD 20850 |
| Opensky<br>Post Office Box 9224<br>Old Bethpage, NY 11804 | Pentagon Federal Credit Union**<br>Post Office Box 1432<br>Alexandria, VA 22313-2032 | PRA Receivables Management LLC<br>c/o Portfolio Recovery Associates<br>PO Box 12914<br>Norfolk, VA 23541 |
| Resurgent Capital Services L.P.****<br>Post Office Box 10497<br>Greenville, SC 29603-0497 | SeedFi<br>268 Bush St., #4411<br>San Francisco, CA 94104 | SEEDFI/CRB<br>650 California St<br>7th Floor<br>San Francisco, CA 94108 |
| Self Financial, Inc.<br>515 Congress Ave<br>Ste 2200<br>Austin, TX 78701 | SF/Lead Bank<br>200 N 3rd St.<br>Garden City, MO 64747 | SF/Lead Bank<br>1801 Main Street<br>Kansas City, MO 64108 |
| Time Financing Service<br>Post Office Box 35109<br>Fayetteville, NC 28303 | US Department of Education**<br>Post Office Box 16448<br>Saint Paul, MN 55116-0448 | US Department of Education****<br>Direct Loan Servicing Center<br>Post Office Box 5609<br>Greenville, TX 75403-5609 |

| | | |
|---|---|---|
| Verizon Wireless Bankruptcy Admin.*<br>500 Technology Drive, Suite 550<br>Weldon Spring, MO 63304 | Veterans Administration (ED)**<br>Regional Office<br>251 North Main Street<br>Winston-Salem, NC 27155 | Village Capital & Investment, LLC<br>Post Office Box<br>700 Eastgae Drive, Suite 310<br>Mount Laurel, NJ 08054 |
| William F. Hill **<br>Post Office Box 2517<br>708 Cromwell Drive, Suite A<br>Greenville, NC 27836 | | |